UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>   v.<br><br>IAN DAVID IRELAND,<br><br>                Defendant. | Case No. 1:07-CR-249-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Pending before the Court is Defendant's Notice and Motion for Production of Brady, Proof of Actual Innocence Materials in Support of Motion for Reconsideration of Sentence (Dkt. 131); Notice and Motion for In Person Evidentiary Hearing in Reconsideration of Sentence (Dkt. 132); and Motion for Reconsideration, or in the Alternative, Writ of Error Coram Nobis to Vacate Imposed Sentence Enhancement (Dkt. 133). For the reasons set forth below, the Court will deny the Motions.

## BACKGROUND

Defendant was charged with conspiracy to distribute/possess with the intent to distribute cocaine (Count 1); conspiracy to manufacture/distribute/possess with intent to distribute marijuana (Count 2); conspiracy to manufacture/distribute/possess with intent

to distribute marijuana with co-Defendant Lance Kevin Smith ("Smith") (Count 3); conspiracy to launder money (Count 4); conspiracy to structure transactions, launder money, and use interstate facilities (Count 5); drug forfeiture (Count 6); and money laundering forfeiture (Count 7). The conspiracy was alleged to have occurred over a period of twenty years.

Smith had been named in only one of the seven counts, and his involvement was alleged to have occurred over only a nine-month period. For that reason, he moved to sever his case from that of Defendant's and to change venue to the Southern District of California. *See Mot. to Change Venue* (Dkt. 62), *Mot. to Sever Trial* (Dkt. 63), and *Smith Supporting Mem.* (Dkt. 64). Shortly prior to hearing on the matter, the Government moved to dismiss the Indictment against Smith without prejudice. *Mot. to Dismiss* (Dkt. 66). The Court thereafter granted the Motion. *Order* (Dkt. 68).

Approximately one month after dismissal of the Indictment against Smith, Defendant pleaded guilty pursuant to a Plea Agreement to Counts 2, 4, 6, and 7 in return for the Government's agreement to dismiss Counts 1, 3, and 5. *Am. Plea Agreement* (Dkt. 75). A Presentence Report was prepared that determined the total offense level to be 37, including a 2-level enhancement for use of a private aircraft and a 4-level enhancement for a leadership role in the offense, and the criminal history category to be II yielding a guideline range of 235-293 months. Defendant strenuously objected to those two enhancements

On April 17, 2009, at the close of a two-day evidentiary hearing, the Court granted

the Government's motion for a 5-level § 5K1.1 departure for substantial assistance and overruled Defendant's objections to the enhancements. *Mins.* (Dkt. 113). After deducting the 5-level § 5K1.1 departure, the Court determined the guideline range to be 135-168 months. After then considering the § 3553(a) factors, the Court imposed a below-guideline sentence of 108 months on each of Counts 2 and 4, to run concurrently with each other. *Judgment* (Dkt. 115). Defendant did not appeal his conviction or sentence. On July 26, 2010, Defendant filed the first of his three pending motions.

## REVIEW OF PENDING MOTIONS

Defendant's pending motions all essentially challenge the leadership enhancement on the grounds that he is actually innocent of the enhancement. He does not challenge his conviction or any other portion of his sentence.

In his first Motion (Dkt. 131), Defendant requests an order that the Government provide what he characterizes as *Brady* information including documents, recordings, interviews, statements, correspondence, and "other writings" relating to transactions between Defendant and Smith and another individual, Jason Krikorian,[1] as well as with other unnamed "defendants" or coconspirators. He alleges that this *Brady* material will show that he was not a leader in the conspiracy.

In his second Motion (Dkt. 132), Defendant requests a hearing on his *Brady* and

---

[1] Jason Krikorian was indicted on November 30, 2006 in the Southern District of California for conspiracy to manufacture 100 and more marijuana plants. *See United States of America v. Jason Krikorian*, No. 3:06-cr-02722-L (S.D.Cal.) (Dkt. 10). He was sentenced to time served on March 12, 2008. *Id.* (Dkt. 94).

actual innocence claims. He alleges that he will call Smith and Krikorian as witnesses to demonstrate that he did not have a leadership role in the conspiracy. He also alleges prosecutorial misconduct by the AUSA in making statements along with Smith and Krikorian that were "materially incorrect" in support of the enhancement. Relying on *Cone v. Bell*, 129 S. Ct. 1769 (2009) and *House v. Bell*, 547 U.S. 518 (2006), Defendant contends that either the evidence possessed by the Government does not support the enhancement or that the Government has withheld evidence that would support his view that he was not a leader or an organizer. He requests that he be resentenced without regard to the leadership enhancement.

In his third Motion (Dkt. 133), Defendant continues the same arguments based on the same legal authority. More specifically, he contends that the Government has a continuing duty to provide him with post-trial proof of actual innocence under *Brady*, *Cone*, and *House*, and that its failure to do so violates his right to due process.

## ANALYSIS

Although there are other arguments contained in the Motions, they are all variations on the theme that the Court should reconsider his sentence because statements made (or to me made) by Smith and Krikorian do not support the leadership enhancement. Defendant fails to consider, however, the fact that the enhancement was based on the statements of several other individuals as well. In any event, Defendant is not entitled to *Brady* material, reconsideration, or writ of coram nobis.

**A.**   ***Brady* Claim**

It is a well-established principle of law that "the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment . . . ." *Brady v. Maryland*, 373 U.S. 83, 87 (1963). As the Ninth Circuit has stated,

> There are three components of a *Brady* violation: "The evidence at issue must be favorable to the accused, either because it is exculpatory, or because it is impeaching; that evidence must have been suppressed by the State, either willfully or inadvertently; and prejudice must have ensued."

*United States v. Price*, 566 F.3d 900, 907 (9th Cir. 2009) (citations omitted).

The demand contained in the first Motion is a freestanding *Brady* claim unattached to any claim for relief. However, when viewed with his other filings, it is apparent that Defendant seeks evidentiary support for his actual innocence claim which, in turn, would support his motion for reconsideration or motion for a writ of coram nobis. Either way, the claim is subject to dismissal for several reasons.

First, rather than identify any specific exculpatory or impeaching evidence that he discovered after sentencing and that the Government had failed to produce, Defendant merely demands that the Government produce all of its materials pertaining to his case. His claim is purely speculative. *Cf. Brady* (withheld statement of co-defendant was discovered by defense counsel after defendant had been tried, convicted, sentenced, and his conviction affirmed); *United States v. Price*, 566 F.3d 900, 905 (9th Cir. 2009) (evidence of prosecution witness's history of fraud and dishonesty evidenced by police reports and police record was discovered after witness subsequently testified in a related

trial).

Second, in the absence of any allegation regarding specific suppressed evidence, the Court must assume that any *Brady* material was produced. The United States Attorney's Office for the District of Idaho has long had an open file policy with regard to discovery, and the Procedural Order governing this case specifically provides for production of *Brady* material. *Procedural Order* (Dkt. 34). The docket reflects that the Government subsequently responded to Defendant's discovery requests. *Discovery Responses* (Dkts. 48 and 56). In any event, Defendant pleaded guilty. The Government need not disclose *Brady* material prior to entering into a plea agreement. *See United States v. Ruiz*, 536 U.S. 622, 629 (2002) ("impeachment information is special in relation to the *fairness of a trial*, not in respect to whether a plea is *voluntary*") (emphasis in original); *see also United States v. Conroy*, 567 F.3d 174, 179 (5th Cir. 2009) (applying *Ruiz* to exculpatory evidence and precluding the defendant from claiming failure to disclose an FBI report as a *Brady* violation).

Third, because Smith and Krikorian's alleged statements were not the sole basis of the enhancement, they are not material and their exclusion not prejudicial. *See United States v. Walters*, 269 F.3d 1207, 1215 (10th Cir. 2001) (alleged impeachment evidence against one witness that connected the defendant to a firearm was not material where the defendant had admitted to a deputy that he had a firearm in the truck and the police then found that gun). *Cf. United States v. Avellino*, 136 F.3d 249, 256 (2d Cir. 1998) ("In general, evidence whose function is impeachment may be considered to be material where

the witness in question supplied the only evidence linking the defendant to the crime."). Here, Smith and Krikorian were not the only witnesses linking the defendant to the leadership enhancement.

Finally, *House* and *Cone* do not impose a continuing duty on the Government to provide Defendant with post-trial proof of actual innocence and *Brady* materials.[2]

The Court views Defendant's *Brady* claim as a pre-petition motion for discovery to support his motion to reconsider and motion for a writ of coram nobis. Such pre-petition discovery motions are clearly barred. *See Calderon v. U.S. Court for the Northern District of California*, 98 F.3d 1102 (9th Cir. 1996) (characterizing such motions as "fishing expeditions"). *See also United States v. Finkel*, 165 Fed. Appx. 531 (9th Cir. 2006) (same).

**B.  Motion to Reconsider**

The Court may not modify a term of imprisonment except in certain limited circumstances, none of which is relevant here. *See United States v. Bride*, 581 F.3d 888, 890 (9th Cir. 2009) (citing 18 U.S.C. § 3582(c)).[3]  *See also United States v. Hovsepian*,

---

[2]  *House* recognized that actual innocence could be a gateway to defaulted claims where the petitioner established that it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt based on new reliable evidence. It did not involve a *Brady* claim. *Cone* held that the petitioner's *Brady* claim that the prosecutor had suppressed police reports and witness statements was not procedurally barred. It then found that the suppressed evidence was immaterial as to the guilt finding but remanded for a review of whether it was material to his sentence. Neither case stands for the proposition that the Government has a continuing post-trial duty to disclose evidence.

[3]  The Court does not have jurisdiction to consider a sentence reduction except in the following circumstances:

- The Bureau of Prisons files a motion for a sentence reduction after finding

307 F.3d 922, 927 (9th Cir. 2002) ("District courts do not have inherent authority to resentence defendants at any time.") (citation omitted).

Obviously, if a defendant successfully appeals his sentence and the court of appeals remands for resentencing, the Court would then have jurisdiction to resentence. Here, however, Defendant did not appeal his sentence.

## C. Writ of Error Coram Nobis

Both the Supreme Court and the Ninth Circuit "have long made clear that the writ of error coram nobis is a highly unusual remedy, available only to correct grave injustices in a narrow range of cases where no more conventional remedy is applicable." *United States v. Riedl*, 496 F.3d 1003, 1005 (9th Cir. 2007) (citing *United States v. Morgan*, 346 U.S. 502, 511 (1954)). The Ninth Circuit has developed specific criteria – each of which must be met – for determining the availability of coram nobis relief. A petitioner must demonstrate that:

> (1) a more usual remedy is not available; (2) valid reasons exist for not attacking the conviction earlier; (3) adverse consequences exist from the conviction sufficient to satisfy

---

extraordinary and compelling reasons or determining that a defendant is at least 70 years of age, has served at least 30 years in prison on the offense of conviction, and does not present a danger to society. *See* 18 U.S.C. § 3582(c)(1)(A).

- The Government files a motion under Rule 35 which allows a sentence reduction if the defendant has provided substantial assistance after sentencing. *See* 18 U.S.C. § 3582 (c)(1)(B) and *Fed. R. Crim. P. 35(b)*.

- The Sentencing Commission lowers the guideline range upon which a defendant has been sentenced. *See* 18 U.S.C. § 3582(c)(2).

> the case or controversy requirement of Article III; *and* (4) the
> error is of a fundamental character.

*Hirabayashi v. United States*, 828 F.2d 591, 604 (9th Cir. 1987) (emphasis added).

Here, because Defendant is in custody, he has the "more usual remedy" of seeking relief under 28 U.S.C. § 2255. Therefore, the Court need not determine whether Defendant has met any of the remaining three criteria before denying coram nobis relief.[4] *Matus-Leva v. United States*, 287 F.3d 758, 761 (9th Cir. 2002). Individuals in custody are "consistently" denied coram nobis relief. *Id.* (citing *United States v. Brown*, 413 F.2d 878, 879 (9th Cir. 1969) (" *Coram Nobis* is not available, since he is still in custody."); *see also United States v. Johnson*, 237 F.3d 751, 755 (6th Cir. 2001); *United States v. Barrett*, 178 F.3d 34, 54 (1st Cir. 1999); *United States v. Brown*, 117 F.3d 471, 475 (11th Cir. 1997)).

Coram nobis relief is unavailable to one in custody even if he is time-barred from seeking relief under § 2255. *Matus-Leva*, 287 F.3d at 761 ("To hold otherwise would circumvent the AEDPA's overall purpose of expediting the presentation of claims in federal court and enable prisoners to bypass the limitations and successive petitions provisions.").

**D.    Construed as a § 2255 Motion**

A court may construe a motion as a § 2255 motion despite the title given by a

---

[4] The Court notes that Defendant has not met the second criteria either given that he has not alleged any reasons, much less valid reasons, for not attacking the sentence earlier.

defendant if it is clear that § 2255 is the appropriate avenue of relief. As stated above, § 2255 is the appropriate avenue of relief for prisoners. It provides four grounds under which a federal court may grant relief to a federal prisoner who challenges the imposition or length of his or her incarceration: (1) "that the sentence was imposed in violation of the Constitution or laws of the United States;" (2) "that the court was without jurisdiction to impose such sentence;" (3) "that the sentence was in excess of the maximum authorized by law;" and (4) that the sentence is otherwise "subject to collateral attack." However, the Court notes that the time for filing a § 2255 motion has passed.[5]

Perhaps in recognition that the time for filing a § 2255 motion had passed, Defendant has asserted a claim of actual innocence of the leadership enhancement. However, while it was previously unclear, the Ninth Circuit has recently held in the context of a § 2254 habeas proceeding that a claim of actual innocence does not avoid the limitations provision for habeas proceedings. *See Lee v. Lampert*, 610 F.3d 1125, 1130 (9th Cir. 2010) (noting the omission of "actual innocence" from the list of the exceptions to the general rule that § 2254 petitions must be brought within a year of the date the judgment of conviction becomes final). The court also rejected Lee's attempt to convince

---

[5] A § 2255 motion must be filed within one year of "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255 (f)(1). In a case such as the present one, where there was no direct appeal, a judgment of conviction becomes final ten days after the district court enters judgment. *See United States v. Schwartz*, 274 F.3d 1220, 1223 (9th Cir. 2001).

Judgment was entered against Defendant on April 17, 2009. Therefore, his conviction became final on April 27, 2009. Therefore, he would have had until April 27, 2010 in which to file a § 2255 motion. He did not do so.

it to find an actual innocence exception to the state of limitations in reliance on *House v. Bell*'s actual innocence exception to procedural defaults. *Id.* at 1131-32. Although *Lee* was construing the limitations provision of § 2244(d) applicable to § 2254 proceedings, that provision is substantially similar to the limitations provision of § 2255. *See United States v. Avila*, No. 2:06-cr-0049, 2010 WL 3448378, at *2 (E.D.Cal. Sep. 1, 2010) (noting that the reasoning of *Lee v. Lampert* is "equally applicable" to § 2255 proceedings).

Construing Defendant's pending Motions filed in late July and early August 2010 collectively as a § 2255 motion would be a waste of judicial resources given that they were filed well beyond the April 27, 2010 deadline and because it does not appear that he has grounds for relief. Accordingly, it will not do so.

## CONCLUSION

In anticipation that the Court would deny his motions, Defendant has recently filed a "Conditional Notice of Appeal or in the Alternative Writ of Mandamus: Illegal Enhancement of Sentence, Brady Violations, Actual Innocence of Writ of Error in Trial Court" (Dkt. 134). The Court will deem it a notice of appeal and direct the Clerk of Court to notify the Ninth Circuit of Defendant's intent to appeal this Court's adverse decision.

## ORDER

**IT IS ORDERED:**

1. Defendant's Notice and Motion for Production of Brady, Proof of Actual Innocence Materials in Support of Motion for Reconsideration of Sentence

(Dkt. 131) is **DENIED**;

2. Defendant's Notice and Motion for In Person Evidentiary Hearing in Reconsideration of Sentence (Dkt. 132) is **DENIED**; and

3. Defendant's Motion for Reconsideration, or in the Alternative, Writ of Error Coram Nobis to Vacate Imposed Sentence Enhancement (Dkt. 133) is **DENIED**.

4. Defendant's Conditional Notice of Appeal (Dkt. 134) is construed as a Notice of Appeal of this decision. The Clerk of Court shall process it as such and transmit it to the Ninth Circuit.

DATED: **November 1, 2010**

Honorable B. Lynn Winmill
Chief U. S. District Judge